Henry Silverman, J.
The narrow question presented to me at Special Term was, I think, correctly decided. The creditor describes Mr. Schoicket as general manager of the third-party corporation, and the third party describes the same person as ‘ ‘ only its general manager in charge of estimating and supervising its work.” In the context hereof the term “ general manager ” is not synonymous with the term “ managing agent ” as used in subdivision 8 of section 228 of the Civil Practice Act. Moreover, it is stated in the answering affidavit that Mr. Schoicket is not an officer of the third-party corporation and that he does not have custody and control of the books and records of the third party. Hence, any further order directed to Mr. Schoicket might prove abortive.
However, a fuller showing has been made in these papers and the creditor has also asked “ for such other and further relief as to this court may seem just and proper.” The law is not a game of wits; the earlier practice of placing a premium upon legal niceties and technicalities has been largely discarded in favor of the modern view of attempting to accomplish substantial justice. The creditor wants the third party to produce its books, records and papers and it is entitled to that relief. Ordinarily, the creditor does not know and has no means of knowing which particular officer of a corporation has custody of its books and records, but that is no reason for denying a creditor the necessary relief. The motion is granted to the extent of directing that the third-party corporation, by its president or other officer or employee having custody of its books and records and having sufficient knowledge of their contents to testify adequately in supplementary proceedings, shall attend *507 at Special Term, Part II of this court on February 14, 1957, at 11:00 a.m., and shall produce such of the books, records and papers enumerated in the order of November 23, 1956, as are relevant and germane to the subject matter of the third-party examination. Let a copy of this order be served upon counsel for the third party pursuant to rule 20 of the Buies of Civil Practice without undue delay.